JOE D. SNEED V. STATE

No. 34,183.    February 28, 1962
Motion for Rehearing Overruled April 18, 1962
Second Motion for Rehearing Overruled May 23, 1962

*Ross Hardin,* Dallas, and *Doss Hardin,* Fort Worth, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander, Ben F. Ellis,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, death.

Roy Eugene Lee testified that about 1:30 A.M. on the night in question he and a companion were on their way to work and discovered a car in the ditch beside the road with the headlights on, the radio playing, the driver's door locked, and the window on the driver's side "bashed in"; that on the shoulder of the road there was a woman's white shoe; that about ten feet further up the road there was another shoe and beyond this a woman's bag; that he called the police, who reported to the scene and determined that the car belonged to a Mr. Moosberg.

Mrs. Moosberg, the prosecutrix, testified that on the night of June 15, 1960, she had been visiting friends and was returning home alone in her automobile about 1:00 A.M.; that appellant drove his automobile up beside her, forcing her off the road; that she tried to back away but lost control and her automobile ended up crossways of the road; that she had the doors of her automobile locked and the windows up; that appellant approached the driver's side and smashed his fist through the window; that she fled through the right hand door of the automobile and ran up the road, losing her shoes and purse; that she looked back and saw appellant pushing her car by hand from the roadway into a ten-foot deep ditch; that appellant got into his own automobile, overtook her, and forced her into his car; that he made her wipe blood from cuts on his right arm and hand; that he demanded

money and she told him she had lost her purse; that he took her to a deserted area and forced her down in the seat, tore her dress and forced her to submit to an act of intercourse; that after consummating the act of intercourse appellant took her to a service station, gave her two dimes to make a telephone call and left her; that she called her husband and told him where she was; that as she finished the call to her husband a police car pulled into the station driveway and she reported to the police what had happened to her; that she went with the police and retraced the route over which she had been driven by appellant and showed them the place where she had been raped; and that the police took her to Parkland Hospital for a vaginal examination.

She further testified that on July 16, 1960, one month later, she saw appellant at a drive-in restaurant, recognized him, and asked her husband to drive closer to appellant's car, which was a different car than he had been driving on the night of the rape, and took down the license number; that her husband called the police, who arrested appellant; and that after viewing the freshly healed scars on his right hand and arm, which she had described to the police earlier as the ones she was forced to clean on the night of the rape, she reaffirmed her identification of appellant.

Dr. Wharton, a duly licensed and qualified physician, testified that he examined Mrs. Moosberg in the early morning hours of June 16, 1960, and found "an abundant quantity of sperm in her vagina" and a bruise on the top right side of her hipbone.

Dallas police officers testified that they removed prosecutrix's automobile from the ditch and examined and photographed it; that they preserved blood drippings found on the shattered window, which were determined to be the same type as that of appellant; and that they removed a good identifiable fingerprint from the unshattered portion of the driver's window which was later identified, after comparison, as that of appellant.

The State offered into evidence, without objection, appellant's confession to the offense.

Appellant did not testify or offer any testimony in his behalf, and we find the evidence sufficient to support the conviction. We will now discuss the contentions advanced by counsel in brief and argument.

He contends that the court erred in permitting the State to ask leading questions. With this contention, we cannot agree.

Appellant's confession, which was placed in evidence without objection, admitted all the material facts of the offense and made out as strong a case against him as the testimony of the witnesses to whom the alleged leading questions were propounded. Recently, in Bell v. State, 313 S.W. 2d 606, we quoted from Hill v. State, 161 S.W. 2d 80, as follows:

"Asking harmless leading questions is not commended; yet, we note that the courts seldom reverse a case because questions are leading."

We have carefully examined the questions complained about and find that the court sustained most of appellant's objections and instructed the State to rephrase them, and we do not find an abuse of discretion in his rulings on the other questions.

Appellant also contends that the court erred in not granting his motion for a mistrial when the court allowed the State to introduce into evidence certain blood stained seat covers and then ordered them withdrawn from evidence when the State failed to connect them with the offense. He presents this matter by an informal bill of exception and contends that the jury had already seen the seat covers and the court's instruction to disregard them could not cure the error.

When the court's attention was called to the fact that the State had not completed the proof as to the chain of custody, the court instructed the jury to disregard the exhibits and stated that the jury had not seen them because they were in a sack. While it is true that the exhibits had been identified by another witness, in the absence of anything in the record to the contrary, we must be bound by the court's qualification of the informal bill when he stated that they had not been exhibited to the jury as they were still in the sack. Be that as it may, we observe that the blood which was found on the seat covers was not of prosecutrix but came from appellant's arm. State's Exhibit 16, which was admitted without any objection to the effect that it was inflammatory, is a picture of the front seat of the automobile in question with the plastic seat covers in place.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

It is strenuously urged that this Court erred in its original

opinion when it was stated that the trial court instructed the jury to disregard the seat cover exhibits. Appellant contends that such an instruction does not appear in the record.

A careful reexamination of the statement of facts reveals that such an instruction was given in response to a request by appellant's counsel.

Remaining convinced that proper disposition was made of this cause on original submission, appellant's motion for rehearing is overruled.